STEELE ET AL., APPELLANTS, *v.*
CARTER; CITY OF LINCOLN HEIGHTS,
APPELLEE.

(No. C-850449—Decided June 11, 1986.)

*Jim Rimedio,* for appellants.
*McIntosh, McIntosh & Knabe* and *Arthur T. Knabe,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The plaintiffs-appellants, Stella M. Steele and James L. Steele, appeal herein from an entry of summary judgment in favor of the defendant-appellee, the city of Lincoln Heights. The genesis of this appeal was a negligence action instituted by the Steeles in November 1969 against Lincoln Heights and defendant Edward Carter, then a Lincoln Heights police officer. The complaint alleged that on March 4, 1968, a city-owned vehicle operated by Carter collided with a vehicle operated by Stella Steele and sought recovery for personal injuries sustained in the collision by Stella Steele and derivative recovery by James Steele for the loss of his wife's

consortium. In May 1973, upon motion by Lincoln Heights, the court below entered summary judgment in favor of Lincoln Heights.[1] From that judgment, the Steeles have taken the instant appeal in which they assert two assignments of error.

In their first assignment of error, the Steeles assail the trial court's entry of summary judgment for Lincoln Heights. We find no merit to this assertion.

A motion for summary judgment may be granted if, upon viewing the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion, the court determines that:

(1) No genuine issue of material fact remains to be litigated;

(2) The moving party is entitled to judgment as a matter of law; and

(3) It appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the motion's opponent. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274; Civ. R. 56(C).

Lincoln Heights, in its answer and in support of its motion for summary judgment, asserted the complete defense of municipal sovereign immunity. R.C. 701.02 governs the liability of a municipal corporation for personal injuries occasioned by the negligence of an officer, agent or servant of the municipal corporation in his operation of a vehicle. In November 1969, when the Steeles initiated their negligence action against Lincoln Heights and Carter, the statute provided in relevant part as follows:

---

[1] The Steeles' claims against Carter were submitted to arbitration, and the board of arbitration returned a decision in favor of the Steeles. The Steeles appealed the board's decision to the Hamilton County Common Pleas Court which also found in favor of the Steeles. Upon the entry of judgment in favor of the Steeles against Carter, the prior entry of summary judgment for Lincoln Heights became a final appealable order.

"Any municipal corporation shall be liable in damages for injury or loss to persons or property and for death by wrongful act caused by the negligence of its officers, agents, or servants while engaged in the operation of any vehicles upon the public highways of this state, under the same rules and subject to the same limitations as apply to private corporations for profit, but only when such officer, agent, or servant is engaged upon the business of the municipal corporation.

"The defense that the officer, agent, or servant of the municipal corporation was engaged in performing a governmental function, shall be a full defense as to the negligence of:

"(A) Members of the police department engaged in police duties * * *."

Effective July 1972, the state legislature amended R.C. 701.02 to limit municipal immunity to negligent acts of "[m]embers of the police department engaged in the operation of a motor vehicle while responding to an emergency call." (See 134 Ohio Laws, Part II, 1428.) In November 1985, the statute was repealed. The Steeles do not, however, dispute the applicability of R.C. 701.02 as it stood in November 1969 when their action was filed. Instead, they contend that their pleadings raise a genuine issue of material fact as to whether Carter was "engaged in police duties," i.e., "engaged in performing a governmental function," when his vehicle collided with the Steeles' vehicle. We disagree.

The Steeles in their complaint asserted that Carter, at the time of the collision, was "operating a 1961 Chevrolet owned by the city of Lincoln Heights, Ohio, for and in furtherance of the business of the city of Lincoln Heights, Ohio." Lincoln Heights, in its responsive pleading, admitted contact between the city and Steele vehicles and averred that, at the time of the collision, Carter was returning from the Hamilton County morgue in connection with a homicide investigation. We thus perceive no factual dispute on the issue of whether Carter was "engaged in police duties" when his city-owned auto collided with the Steeles' vehicle. We, therefore, conclude that Lincoln Heights was shielded from liability for Carter's negligent act by the R.C. 701.02 grant of immunity and that summary judgment was appropriately entered in favor of Lincoln Heights. Accordingly, we overrule the Steeles' first assignment of error.

In their second assignment of error, the Steeles contend that the voluntary payment by Lincoln Heights' insurance carrier of property damage incurred in the collision between Carter's vehicle and the Steeles' vehicle constitutes a waiver of R.C. 701.02 immunity and that Lincoln Heights is thereby estopped from asserting immunity for personal injuries arising out of the same transaction. We disagree.

The Steeles assert that such payment constitutes an admission of liability but cite no authority in support of this proposition. As a policy matter, we find that to strip an entity of its defenses in a personal injury action when voluntary payment is made on property damage incurred in the same transaction would discourage voluntary, extrajudicial settlement of claims and would further delay a plaintiff's redress. We, therefore, overrule the Steeles' second assignment of error and affirm the judgment of the court below.

*Judgment affirmed.*

DOAN, P.J., KEEFE and KLUSMEIER, JJ., concur.